IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KATHI CORDINGLEY, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 11-01087-CV-W-GAF ) |
| GOOD SHEPHERD HOSPICE OF MID AMERICA, INC., | ) ) ) |
| Defendant. | ) ) |

## ORDER

Now before the Court is Defendant Good Shepherd Hospice of Mid America, Inc.'s ("Defendant") Motion to Dismiss under Federal Rule of Civil Procedure 25, made orally during the parties' telephone conference on January 5, 2015. Plaintiffs Kathi Cordingley ("Relator Cordingley"), Tracy Jones ("Relator Jones"), and the United States of America (the "Government") (collectively "Plaintiffs") oppose.

Defendant is a corporation that provides hospice services to patients in nine different facilities. (Complaint ¶ 8). Relators Cordingley and Jones were employed by Defendant. (*Id.* ¶ 1). In the course of their employment, Relators Cordingley and Jones came to believe that Defendant was improperly admitting patients to its facilities in order to increase the amount of money it could receive from Medicare. (*Id.*). Relators Cordingley and Jones filed a Complaint against Defendant on October 25, 2011, pursuant to the *qui tam* provisions of the Federal False Claims Act. (*Id.*). On December 3, 2011, Relator Jones passed away. (Doc. # 8, p. 4). On December 15, 2011, Plaintiffs filed a Motion with this Court that contained a statement indicating Relator Jones was deceased. (*Id.*). On March 28, 2014, the Government filed a

1

Notice stating that they had elected to intervene in the action. (Doc. # 19). However, the Government has yet to formally file their complaint against Defendant because the parties have reached an agreement, in principle, which would settle the case. (Doc. # 24, p. 1). Defendant is presently requesting that the Court dismiss Relator Jones's claims to ensure finality in the event the case settles.

Federal Rule of Civil Procedure 25(a)(1) states that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. . . . If [a motion to substitute] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Defendant first argues that the December 3, 2011, Motion filed with this Court noting Relator Jones's death could constitute a statement of death such that the ninety day window to file a motion to substitute was triggered. However, the "ninety-day limitations period under Rule 25(a)(1) is not triggered unless a formal suggestion of death is made on the record, regardless of whether the parties have knowledge of a party's death." *Grandbouche v. Lovell,* 913 F.2d 835, 836 (10th Cir. 1990); *see also Lightfoot v. District of Columbia*, 629 F. Supp. 2d 16, 18 (D.D.C. 2009) ("[T]he filing of a formal Suggestion of Death is required before the 90–day time period under Rule 25(a)(1) is triggered."). "Mere reference to a party's death in court proceedings or pleadings is not sufficient to trigger the limitations period for filing a motion for substitution." *Grandbouche,* 913 F.2d at 836-37. Thus, the December 3, 2011, Motion was insufficient to trigger the ninety day window. Defendant argues that the purpose of Rule 25 was served, even though a formal suggestions of death was not filed, because the parties had actual knowledge of Relator Jones's death. However, this exact argument has been considered and rejected by a number of courts. *See e.g. id.*; *Lightfoot*, 629 F. Supp. 2d at 18-19; *Hawes v. Johnson & Johnson*, 940 F. Supp. 697, 699-700 (D.N.J. 1996).

2

Defendant next argues that this Court has the discretion to dismiss Relator Jones's claims even if it is not mandatory to do so. However, "motions to substitute [should] be freely granted." *In re Baycol Prods. Litig.*, 616 F.3d 778, 783 (8th Cir. 2010). "'A motion to substitute made within the prescribed time will ordinarily be granted.'" *Id.* (quoting Fed. R. Civ. P. 25 1963 Advisory Committee Note). The purpose of Rule 25 is to allow flexibility in the substitution of parties. *Id.* This Court declines to stray from the purpose of Rule 25 and dismiss Relator Jones's claim unless it is mandatory to do so.

Finally, Defendant argues that Relator Jones's claims should be dismissed because substitution would be futile. Defendant argues substitution would be futile because there can be no proper party to maintain the lawsuit because when Relator Jones died, no estate was opened and the time for opening an estate has passed. State law applies to determine "the limited substantive question of who may constitute a successor in [a] case." *Id.* at 785. Defendant argues that no one could constitute a successor under state law in this case but fails to direct the Court to any support for that contention.

"Neither Congress, nor the federal courts, have set forth clear requirements of exactly what one must do to prove he or she is the decedent's successor." *Id.* at 788. However, it is possible that even though no estate was opened after Relator Jones's death, one of her children could constitute a successor in this case. An individual may be a successor to a case even if a decedent's will was never probated, requiring probate would be "in contravention of the purpose of amended Rule 25(a)(1) to permit more flexibility in substitution." *Id.* at 784. The main inquiry is whether the party to be substituted "'can adequately represent the interests of the deceased party.'" *Id.* at 788 (quoting *Sinito v. U.S. Dep't of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999)). Thus, Defendant's Motion to Dismiss Relator Jones's claims is DENIED.

3

Plaintiffs filed a formal Suggestions of Death for Relator Jones on January 5, 2015. (Doc. # 29). Accordingly, Plaintiffs have until ninety days from that date to file a motion to substitute or face the dismissal of Relator Jones's claims. The Government's obligation to file its Complaint in Intervention continues to be stayed. The Court will hear a status conference from the parties via telephone, to be initiated by Plaintiffs, on April 10, 2015, at 9:00 AM.

**IT IS SO ORDERED.**

s/ Gary A. Fenner
GARY A. FENNER, JUDGE
UNITED STATES DISTRICT COURT

DATED: January 28, 2015