IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* KATHI CORDINGLEY and TRACY JONES, <br><br>Plaintiffs,<br><br>v.<br><br>GOOD SHEPHERD HOSPICE OF MID AMERICA, INC., and JOHN DOES 1-10,<br><br>Defendants. | Case No. 11-1087-CV-W-GAF |

### STIPULATION OF DISMISSAL

The United States of America, by its undersigned counsel, and Relator Kathi Cordingley, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, hereby stipulate that the parties have entered into a Settlement Agreement, and the above-referenced action shall be dismissed, subject to the terms of the settlement, as follows, with each party to bear its own costs:

1. As to the United States, the action is dismissed with prejudice only as to the Covered Conduct released in the Settlement Agreement, and without prejudice as to any other claims. The Covered Conduct is described as follows:

> The United States contends that it has certain civil claims against Good Shepherd for knowingly submitting or causing the submission of claims to Medicare, during the period from January 1, 2006 to December 31, 2011, for certain patients who were not eligible to receive hospice services because the patients did not have a medical prognosis that their life expectancies were six months or less if their

illnesses ran their normal course. Specifically, the United States contends that Good Shepherd engaged in certain business practices that contributed to claims being submitted for Good Shepherd patients who did not have a terminal prognosis of six month or less, including (a) pressuring staff to meet admissions and census targets, (b) paying bonuses to staff, including hospice marketers, admissions nurses, and executive directors, based on the number of patients enrolled, (c) hiring and/or paying medical directors based on their ability to refer patients and pressuring those medical directors to make referrals, (d) targeting nurse homes as an easy source of patient referrals and hiring medical directors with ties to such nursing homes, and (e) failing to properly train staff on the hospice eligibility criteria.

2. As to Relator Cordingley, the action is dismissed in its entirety, with prejudice.

3. Additionally, pursuant to the Court's Order dated January 28, 2015 (Doc. 31), the claims of Relator Tracy Jones shall be dismissed if no motion of substitution is made by April 5, 2015.

    Respectfully submitted,

    JOYCE R. BRANDA
    ACTING ASSISTANT ATTORNEY GENERAL
    CIVIL DIVISION

    TAMMY DICKINSON
    UNITED STATES ATTORNEY

2

Case 4:11-cv-01087-GAF   Document 32   Filed 02/18/15   Page 2 of 3

s/ **Thomas M. Larson**
THOMAS M. LARSON
Mo. Bar No. 21957
Assistant United States Attorney
400 East 9th Street
Kansas City, MO 64109
Telephone: (816) 426-4166

MICHAEL D. GRANSTON
RENÉE BROOKER
NATALIE A. PRIDDY
U.S. Department of Justice, Civil Division
Post Office Box 261, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-2964
*Counsel for the United States of America*


*s/ Leigh Smith*
LEIGH SMITH
Milberg LLP
One Penn Plaza
New York, NY 10119
Telephone: (212) 946-9374
*Counsel for Relator Kathi Cordingley*

Dated: February 18, 2015